**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
_____
                              :
ANTHONY J. JOHNSON,           :
                              :
            Plaintiff,        :       Civil No. 11-4677 (RMB)
                              :
        v.                    :
                              :
WAYNE MAYNARD, ESQ., et al.,  :       OPINION
                                :
            Defendants.        :
_____:
```

**APPEARANCES:**

**ANTHONY J. JOHNSON**, Plaintiff pro se
43472-066
D.W.W.D.F.
950 High Street
Central Fall, R.I. 02863

**BUMB**, District Judge

Plaintiff Anthony J. Johnson ("Plaintiff") seeks to bring this action in forma pauperis.  Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it

---

[1] The Court previously administratively terminated this action for failure to submit a complaint.  (See Docket Entry No. 2.)  Thereafter, Plaintiff submitted a complaint.  (Docket Entry No. 3.)  As such, the Court will re-open the instant case to conduct its initial screening.

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Wayne Maynard and Alfred Auletta.  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that counsel in his criminal proceedings, Wayne Maynard, conspired with Alfred Auletta, a Camden County Prosecutor, to unlawfully convict him.  Plaintiff alleges that his counsel acted with the prosecutor to convince him to commit perjury by pleading guilty to a $250 fine for a disorderly person offense that Plaintiff did not commit.  Plaintiff further alleges that the prosecutor did not have any witnesses to testify against him because the key witness was a fugitive, which Plaintiff's counsel was aware of but did not tell him.  Plaintiff states that his counsel conspired with the prosecutor's office to keep him in custody so federal detainers could be lodged against him.

2

Plaintiff requests monetary damages against all defendants.

## II.  DISCUSSION

## A. Legal Standard

## 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure

which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S.Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, --- F.3d ----, 2012 WL 4335958 (3d Cir. September 24, 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. §

1983 for certain violations of his constitutional rights. Section

1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48,

108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Malleus v. George, 641

F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

**1.  Conspiracy Claims**

It appears that Plaintiff is alleging a conspiracy between

Defendant Maynard, his privately retained criminal defense

attorney and Defendant Auletta, a prosecutor in the Camden County

Prosecutor's Office, pursuant to 42 U.S.C. §§ 1985, 1986 and

1983.  He seems to base his allegations on the facts that his

counsel did not inform him that the prosecution's key witness was

a fugitive and advised him to accept a plea agreement.

42 U.S.C. § 1985 states:

> If two or more persons in any State or
> Territory conspire or go in disguise on the
> highway or on the premises of another, for the
> purpose of depriving, either directly or
> indirectly, any person or class of persons of
> the equal protection of the laws, or of equal
> privileges and immunities under the laws; or
> for the purpose of preventing or hindering the
> constituted authorities of any State or
> Territory from giving or securing to all
> persons within such State or Territory the
> equal protection of the laws...in any case of
> conspiracy set forth in this section, if one
> or more persons engaged therein do, or cause
> to be done, any act in furtherance of the
> object of such conspiracy, whereby another is
> injured in his person or property, or deprived
> of having and exercising any right or
> privilege of a citizen of the United States,
> the party so injured or deprived may have an
> action for the recovery of damages occasioned
> by such injury or deprivation, against any one
> or more of the conspirators.

42 U.S.C. § 1986 states:

> Every person who, having knowledge that any of
> the wrongs conspired to be done, and mentioned
> in section 1985 of this title, are about to be
> committed, and having power to prevent or aid
> in preventing the commission of the same,
> neglects or refuses so to do, if such wrongful
> act be committed, shall be liable to the party
> injured, or his legal representatives, for all
> damages caused by such wrongful act, which
> such person by reasonable diligence could have
> prevented...

To properly state a § 1983 conspiracy claim, a

plaintiff must allege that "persons acting under color of

state law conspired to deprive him of a federally protected

6

right." <u>Perano v. Twp. of Tilden</u>, No. 10-2393, 2011 WL 1388381, at *4 (3d Cir. Apr. 13, 2011).  As with § 1985(3) claims, a § 1983 conspiracy claim requires a "'meeting of the minds.'"  <u>Startzell v. City of Philadelphia, Pennsylvania</u>, 533 F.3d 183, 205 (3d Cir. 2008) (quoting <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

In his complaint, Plaintiff only states in a conclusory manner that a conspiracy exists between his attorney and the prosecutor's office.  He provides no support for his allegations of a conspiracy other than the fact that his attorney advised him to accept a plea deal and failed to inform him that the prosecution did not have any witnesses against him, which are not indicative of a conspiracy.  As such, these claims must be dismissed against all defendants for failure to state a claim.

**2.  Claims against Wayne Maynard, Esq.**

To the extent Plaintiff intended to bring other § 1983 claims against his criminal defense attorney, those claims fail as a matter of law because Defendant Maynard was not acting under color of state law.  "Although a private [person] may cause a deprivation of ... a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law." <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting <u>Flagg Brothers, Inc. v. Brooks</u>, 436 U.S. 149, 156 (1978)).  In

7

Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law when performing the traditional functions of counsel to a criminal defendant.  See also Vermont v. Brillon, 129 S.Ct. 1283, 1291 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); Calhoun v. Young, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law).  The acts and omissions complained of with regard to Defendant Maynard concern the traditional functions of a criminal defense attorney, including advising his client regarding a plea agreement, and as such, Maynard was not acting under color of state law, and the Plaintiff fails to state a claim under 42 U.S.C. § 1983.

**3.  Claims Against the Defendant Auletta**

     To the extent Plaintiff is attempting to assert a claim for malicious prosecution against Defendant Auletta, the Complaint fails to state a claim.  A constitutional claim for malicious prosecution in the Third Circuit requires a plaintiff to establish five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's

8

favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). See also Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007); Helmy v. City of Jersey City, 178 N.J. 183, 836 A.2d 802, 806 (N.J. 2003) (citing Lind v. Schmid, 67 N.J. 255, 337 A.2d 365, 368 (N.J. 1975)). "'Failure to prove any one of these ... elements denies the plaintiff a cause of action for malicious prosecution.'" Wilson v. N.J. State Police, No. 04-1523, 2006 WL 2358349, at *9, 2006 U.S. Dist. LEXIS 60514 (D.N.J. Aug. 15, 2006) (quoting Wiltz v. Middlesex County Office of the Prosecutor, No. 05-3915, 2006 WL 1966654, at * 9, 2006 U.S. Dist. LEXIS 46821 (D.N.J. July 12, 2006)).

Here, Plaintiff states that he accepted a plea agreement and as such, he has not shown that the criminal proceeding ended in his favor and this claim must be dismissed. See Pittman v. Metuchen Police Dept., 2010 WL 4025692, at * 7 (D.N.J. October 13, 2010)("If the prosecutor drops the charges as part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983.")(citations omitted).

**III.   CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]   An appropriate order follows.


<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>November 20, 2012</u>

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>